OPINION
This cause is before the court again following a successful direct appeal and resulting remand. In State v.Burbridge (Dec. 16, 1999), Franklin App. No. 99AP-264, unreported ("Burbridge I"), this court vacated the maximum sentences imposed by the lower court and remanded it for resentencing. In addition, we reversed the trial court's determination that the state had proven by clear and convincing evidence that Mr. Burbridge should be classified as a "sexual predator." The specifics of Burbridge
are set forth below in our discussion of the assignments of error.
Upon remand, the trial court ultimately imposed the same maximum sentences and again determined that Mr. Burbridge should be classified as a sexual predator.
Darrell E. Burbridge (hereinafter "appellant") has again appealed, assigning three errors for our consideration:
ASSIGNMENT OF ERROR NUMBER ONE:
 THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE WHEN THE RECORD DOES NOT SUPPORT THE IMPOSITION OF THE MAXIMUM SENTENCE.
 ASSIGNMENT OF ERROR NUMBER TWO:
 THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE WHEN THE DEFENDANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE RECORD DID NOT CONTAIN SUFFICIENT FINDINGS TO SUPPORT THE IMPOSITION OF A LONGER SENTENCE.
 ASSIGNMENT OF ERROR NUMBER THREE:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE DEFENDANT WAS A SEXUAL PREDATOR WHEN THIS COURT HAD REMANDED THE MATTER TO THE TRIAL COURT WITH INSTRUCTIONS TO ENTER A FINDING THAT THE DEFENDANT IS NOT A SEXUAL PREDATOR.
Appellant's first and second assignments of error are interrelated and, therefore, will be addressed together.
Appellant pled guilty in December 1998 to single counts each of two first-degree felonies, aggravated burglary and rape. The latter offense, which was in the form of anal intercourse forced upon an 18-year-old woman, is primarily at issue here. As indicated in Burbridge I, the trial court sentenced appellant to two concurrent terms of ten years' incarceration, the maximum sentence authorized by statute.
In Burbridge I, this court held that the trial court failed to satisfy the requirements of R.C. 2929.14(B) in deviating from the otherwise statutorily mandated minimum sentence. We also found that the trial court failed to comply with R.C. 2929.14(C) in imposing the maximum sentence. In Burbridge I, we stated:
 The trial court may have determined that the minimum sentence would "demean the seriousness of the offender's conduct." However, the record before us is insufficient for us to determine whether the trial court undertook the appropriate analysis and considered the requisite statutory reasons for imposing more than the minimum sentence.
* * *
 * * * [W]e are not mandating that the trial court impose the minimum sentence in this case. We are only noting that the trial court at the first sentencing hearing did not make the explicit findings which would support a deviation from the statutory mandate regarding minimum sentences. If the trial court elucidates its thinking and makes appropriate findings, a sentence other than the minimum may be imposed.
In its entry journalizing its findings at the resentencing hearing, the trial court stated:
 The Court finds that the shortest prison term would demean the seriousness of the Defendant's conduct and would not adequately protect the public from future crimes by the Defendant. The Court further finds that the Defendant is the worst form of offender who poses the greatest likelihood of committing future crimes. The Court, on this record, gave its reasons to support these findings. [Entry at 2.]
The transcript of the resentencing proceedings sets forth the trial court's lengthy rationale to support the sentence it imposed:
 * * * I find that the defendant at age thirteen committed an auto theft offense. He was put on probation and just a couple years later he did it again, another auto theft offense; which tells me just in and of itself, this man has a tendency to recidivate [sic], recidivate [sic] in criminal activity.
 I also find that the defendant hasn't even taken any responsibility. He's had a child. Never declared paternity and hasn't paid a nickel in child payments [sic].
 I also find that the defendant was discharged from the military in 1994 and * * * that he was discharged from the military because he had a mental health problem and he also was an alcoholic. And somebody who has a mental health problem and an alcoholic would in my mind * * * would have more tendency to recidivate [sic] than somebody who doesn't have a medical health problem and doesn't have an alcohol problem. And the defendant does admit he has a health problem.
 The defendant also smoked marijuana laced with cocaine on the night of the incident. And the defendant has a very significant substance abuse problem.
 Also, it's interesting to note that the defendant has not worked a day in his life. His sole employment that he admitted to that is in the presentence investigation is that he has been a drug dealer. That's about the only thing that he has done in his working life[;] he has been a drug dealer which is a felony offense which he has admitted to.
* * *
 But with respect to the issues that have been addressed and what the appropriate sentence should be under the circumstances, I believe that I'm not going to give consecutive sentences in this case because I think the breaking and entering is so interrelated with the rape itself and the serious — and very serious rape, violent efforts to have fellatio, efforts to have vaginal intercourse and finally had to pin the victim down and anally rape her which is about as demeaning as can possibly happen.
 I'm going to find that the shortest prison term would demean the seriousness of the offense and the offender's conduct and a minimum sentence would not adequately protect the public from future crime by the defendant.
 I'm also going to find that the defendant is the worst form offender with respect to this particular incident who based upon my belief poses the greatest likelihood of committing future crime. So he is going to receive maximum sentences and I am going to run those sentences concurrent with each other. [Tr. 12-15.]
Given the trial court's stated reasons, the court adequately complied with R.C. 2929.14(B) and (C) in resentencing appellant.
The first and second assignments of error are overruled.
In his final assignment of error, appellant contends that the trial court abused its discretion in effectively "ignoring" this court's instructions insofar as the sexual predator determination has been decided. The state prudently concedes error, observing that the law-of-the-case doctrine precludes the trial court's actions.
The third assignment of error is sustained.
The first and second assignments of error are overruled, and the sentence of the trial court is, therefore, affirmed. The third assignment of error having been sustained, this cause is remanded with instructions to comply with this court's mandate inBurbridge I, entering an order finding that appellant is not a sexual predator.
BRYANT and KENNEDY, JJ., concur.